**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| WILLIAM RAY TABER, | ) |
| Petitioner, | ) ) ) |
| vs. | )  Case No. 13-CV-164-JED-FHM ) |
| JIM FARRIS, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

This is a 28 U.S.C. § 2254 habeas corpus action. Before the Court is Respondent's motion to dismiss time barred petition (Doc. 8). Respondent also filed a brief in support of the motion (Doc. 9), along with exhibits in support of the motion (Doc. 10). Petitioner, a state inmate appearing *pro se*, filed a response to the motion to dismiss (Doc. 13), and two (2) supplements to the response (Docs. 14, 15). For the reasons discussed below, the Court finds that the petition is time barred. Therefore, Respondent's motion to dismiss is granted and the petition is dismissed with prejudice.

### *BACKGROUND*

The record reflects that Petitioner William Ray Taber was charged with First Degree Robbery in Tulsa County District Court, Case No. CF-2010-4572. *See* Doc. 10-1 at ¶ 11. On March 2, 2011, Petitioner was convicted on his plea of guilty to a reduced charge of Second Degree Robbery, After Former Conviction of a Felony. *See id.* at ¶ 23. On that date, the state district judge sentenced Petitioner to fifteen (15) years imprisonment. *See id.* at 5. As part of the plea agreement, the State struck all but one of Petitioner's prior felony convictions from the second page of the information. *See id.* at ¶ 23. Petitioner did not file a motion to withdraw his guilty plea and did not perfect a *certiorari* appeal at the Oklahoma Court of Criminal Appeals (OCCA).

On February 27, 2012, Petitioner's motion to modify judgment and sentence, pursuant to Okla. Stat. tit. 22, § 991a, was filed of record. *See* Doc. 10-3. That same day, the district judge construed the motion as a motion for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, and denied the requested relief. *See* Doc. 10-4. The district judge noted the filing of Petitioner's motion as of February 17, 2012. *Id.* On February 29, 2012, Petitioner filed a second motion to modify judgment and sentence. *See* Doc. 10-5. Again, the state district judge construed the motion under Okla. Stat. tit. 22, § 982a, and denied relief by order filed March 15, 2012. Petitioner appealed the denial of his motion to modify judgment and sentence to the OCCA. By Order filed April 12, 2012, the OCCA declined jurisdiction of the "attempted appeal" from the district court's order filed February 27, 2012. *See* Doc. 10-8. For that reason, the OCCA dismissed the petition in error. *Id.*

On June 8, 2012, Petitioner filed an application for post-conviction relief. *See* Doc. 10-9. By order filed August 3, 2012 (*see* Doc. 10-10), the state district judge denied the request for post-conviction relief. Petitioner appealed. On March 13, 2013, in Case No. PC-2012-0782, the OCCA affirmed the denial of post-conviction relief. *See* Doc. 10-12.

On April 22, 2013, Petitioner filed his petition for writ of habeas corpus (Doc. 5). There, he raised four (4) claims challenging the validity of his conviction and sentence: (1) his sentence was improperly enhanced, (2) he received ineffective assistance of counsel, (3) the prosecutor engaged in improper conduct, and (4) his sentence was excessive. *Id.* Petitioner avers, under penalty of perjury, that he placed his petition in the prison mailing system on April 16, 2013. *Id.* at 13. Thus, under the prisoner mailbox rule, the earliest file date for this petition is April 16, 2013. *See Houston v. Lack*, 487 U.S. 266, 276 (1988). In response, Respondent argues that Petitioner's claims are barred by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). *See* Doc. 8.

*ANALYSIS*

The Antiterrorism and Effective Death Penalty Act (AEDPA), enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. 28 U.S.C. § 2244(d)(2).

**A.      Grounds 1, part of 3, and 4 are time barred under 28 U.S.C. § 2244(d)(1)(A)**

In his petition (Doc. 5), Petitioner argues that his sentence was illegally enhanced (ground 1), that the district attorney improperly sought enhancement under the wrong statute (part of ground 3), and that his sentence for Second Degree Robbery exceeded the maximum allowed by statute

3

(ground 4). The one-year limitations period for each of those claims began to run under § 2244(d)(1)(A), when Petitioner's conviction became final. Applying § 2244(d)(1)(A), the Court finds those claims are untimely. Because Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2010-4572, his conviction became final on March 12, 2011, or ten (10) days after pronouncement of his Judgment and Sentence on March 2, 2011. *See* Rule 4.2, *Rules of the Oklahoma Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for grounds 1, part of 3, and 4 began to run on March 13, 2011. *Harris v. Dinwiddie*, 642 F.3d 902, 907 n.6 (10th Cir. 2011). Absent a tolling event, a federal petition for writ of habeas corpus filed after March 13, 2012, would be untimely. *See United States v. Hurst*, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline). At the very earliest, Petitioner commenced this habeas action on April 16, 2013,[1] or more than a year beyond the deadline. *See* Doc. 5 at 13. Absent either statutory or equitable tolling, those claims are time-barred.

---

[1]The Court recognizes that the Clerk of Court opened this case on March 20, 2013, when Petitioner filed a document titled "notice of intent to appeal and designation of record." *See* Doc. 1. In that document, Petitioner stated that he appeals to this Court from the order entered by the OCCA on March 13, 2013. However, by Order filed March 21, 2013 (Doc. 3), the Court advised Petitioner that this Court does not serve as an appellate court for the state courts of Oklahoma and that, if he intended "to challenge the constitutional validity of his conviction(s) entered by the State of Oklahoma, he may do so by filing a 28 U.S.C. § 2254 petition for writ of habeas corpus." In addition, the Court advised Petitioner that his petition had to be filed within the one-year limitations period and emphasized that "to date, no petition has been filed. Until a petition is filed, Petitioner's one-year limitations clock continues to run." *See* Doc. 3 at 3.

4

On February 27, 2012, or prior to the AEDPA deadline, Petitioner's first motion to modify judgment and sentence was filed of record. In that motion, Petitioner sought reduction of his sentence based upon his "independent aggressive effort to better himself," as reflected in certificates of achievement earned while in prison and attached to his motion. *See* Doc. 10-3. That motion was denied on February 27, 2012, the same day it was filed of record. The Court recognizes that Petitioner completed a certificate of mailing, stating that he mailed his motion on January 24, 2012. However, the OCCA does not recognize the "mailbox rule" and holds that the term "filed" means "when a properly verified application . . . is delivered to the proper district court clerk for the purpose of filing." *See Moore v. Gibson*, 27 P.3d 483, 588 (Okla. Crim. App. 2001) (defining "filed" for purposes of Oklahoma's Post Conviction Procedure Act). The earliest date reflected in the record for receipt of the motion at the Tulsa County Courthouse is February 17, 2012. *See* Doc. 10-4. Were this Court to credit Petitioner with the earliest date of filing, as recognized under Oklahoma law, then his first motion to modify judgment and sentence was pending from February 17, 2012, until February 27, 2012, or for ten (10) days.

On February 29, 2012, Petitioner filed a second motion to modify judgment and sentence. *See* Doc. 10-5.[2] By order filed March 15, 2012, the state district court denied the second motion. Thus, Petitioner's second motion was pending from February 29, 2012, until March 15, 2012, or for fifteen (days). The time the two motions to modify judgment and sentence were pending totals twenty-five (25) days.

---

[2]The first and second motions to modify judgment and sentence are nearly identical. Significantly, Petitioner failed to sign the second motion and failed to complete the certificate of mailing. *See* Doc. 10-5 at 2.

Although Petitioner attempted to appeal the denial of his motion to modify judgment and sentence, the OCCA declined jurisdiction and dismissed the appeal, finding that the district court's order did not represent "a final order or judgment that has been made appealable to this Court."[3] *See* Doc. 10-8 at 3. As a result, the attempted appeal does not qualify as "properly filed," *see* 28 U.S.C. § 2244(d)(2), and Petitioner is not entitled to tolling of the limitations period during the pendency of the attempted appeal. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (finding that "an application is 'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings"). Further, because an appeal from an order denying relief under Okla. Stat. tit. 22, § 982a, is not authorized by state law, Petitioner is not entitled to additional tolling for time when he "could have sought an appeal under state law." *Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000) (holding that for a post-conviction appeal, regardless of whether a petitioner actually appeals, the limitations period is tolled for thirty (30) days, the period in which the petitioner could have sought a post-conviction appeal under state law).

Therefore, assuming the motions to modify judgment and sentence filed in the state district court served to toll the one-year limitations period under § 2244(d)(2), then Petitioner's deadline for filing a federal petition for writ of habeas corpus was extended by twenty-five (25) days beyond March 13, 2012, or until Monday, April 9, 2012.[4] *See Wall v. Kholi*, 131 S. Ct. 1278 (2011)

---

[3] In dismissing Petitioner's attempted appeal, the OCCA determined that the district court "could not reasonably construe Appellant's Motion to Modify as an application for post conviction relief," and explained that Rule 1.2, *Rules of the Oklahoma Court of Criminal Appeals*, "sets forth the methods of appeal to this Court; however, it makes no provision for the appeal of orders under Section 982a." *See* Doc. 10-8 at 2.

[4] Twenty-five (25) days after March 13, 2012, was Saturday, April 7, 2012. Therefore, Petitioner's deadline for filing a timely habeas petition was Monday, April 9, 2012.

(holding that a motion to reduce sentence under Rhode Island law is an application for "collateral review" that triggers AEDPA's tolling provision provided at 28 U.S.C. § 2244(d)(2)).[5]

While Petitioner filed his motions for judicial review before the AEDPA deadline, he did not file his application for post-conviction relief until after the one-year limitations period had expired. Petitioner filed his application for post-conviction relief on June 8, 2012, approximately two (2) months after the April 9, 2012, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations."); *Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Because Petitioner's post-conviction proceeding did not toll the one-year limitations period under § 2244(d)(2), Petitioner's petition for writ of habeas corpus, filed at the earliest on April 16, 2013,[6] appears to be time barred under 28 U.S.C. § 2244(d)(1)(A).

---

[5]In unpublished opinions, panels of the Tenth Circuit Court of Appeals have determined that a motion for judicial review, as provided under Oklahoma law, is *not* an "application for State post-conviction or other collateral review" for purposes of tolling the limitations period under 28 U.S.C. § 2244(d)(2). *See, e.g.*, *Bohon v. Oklahoma*, 313 F. App'x 82, 84 n.1 (10th Cir. 2008) (unpublished); *Nicholson v. Higgins*, 147 F. App'x 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); *see also Clemens v. Sutter*, 230 F. App'x 832, 834 n.1 (10th Cir. 2007) (unpublished). However, those opinions pre-date the United States Supreme Court ruling entered in *Wall*. To date, the Tenth Circuit has not addressed whether the *Wall* holding applies to a case involving a motion for judicial review filed pursuant to Oklahoma law. In the instant case, however, the petition is time barred even if Petitioner is credited with the time his motions to modify judgment and sentence were pending.

[6]*See Houston v. Lack*, 487 U.S. 266, 276 (1988).

**B.     Ground 2 and part of ground 3 are time barred under 28 U.S.C. § 2244(d)(1)(D)**

In his petition (Doc. 5), Petitioner raises claims of ineffective assistance of counsel (ground 2) and trial court error based on advice given at the time of sentencing regarding Petitioner's entitlement to "enhanced" sentence credits (part of ground 3). In response to the motion to dismiss (Doc. 13), Petitioner argues that under 28 U.S.C. § 2244(d)(1)(D), those claims are timely. Petitioner specifically alleges that, during entry of his guilty plea and sentencing, both the state district judge and his trial attorney assured him that he would be entitled to "enhanced credits."[7] *Id.* However, upon arrival into Department of Corrections (DOC) custody, Petitioner claims that he learned, on May 11, 2011, that because he was convicted of Second Degree Robbery, he was *not* eligible for "enhanced sentence credits." *Id.* In support of this claim, Petitioner attaches a form entitled "Eligibility for Enhanced Level 3 and 4 Credits," completed and dated May 11, 2011. *See id.* at 7. A DOC staff member completed the form and concluded that Petitioner is *not* eligible for

---

[7]The "Plea of Guilty/Summary of Facts" form filed in Petitioner's case confirms that Petitioner knew that Second Degree Robbery is not an "85% crime." *See* Doc. 10-1 at 3, 5. Under Oklahoma's 85% Rule, a person committing one of an enumerated list of felonies (*see* Okla. Stat. tit. 21, § 13.1) on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1. Because Second Degree Robbery is not one of the enumerated felonies, Petitioner was correctly advised that the 85% Rule did not apply to service of his sentence. However, nothing in the record suggests that any representations or assurances were made with regard to "enhanced level 3 and 4 credits," as made available under Department of Corrections policy OP-060211(II)(B) (providing for "enhanced level 3 and 4 credits" of 45 and 60 credits per month, respectively, for eligible offenders). *See* www.ok.gov/doc/; *see also* Okla. Stat. tit. 57, § 138(D)(2)(c). Although Petitioner is eligible for levels 1, 2, 3 and 4 credits of 0, 22, 33 and 44 credits per month, respectively, he is not eligible for "enhanced level 3 and 4 credits" because of his Second Degree Robbery conviction. *See* Okla. Stat. tit. 57, § 138(E)(21).

enhanced level 3 and 4 credits. *Id.* Petitioner argues that, under 28 U.S.C. § 2244(d)(1)(D), his one-year limitations period for his claims concerning "enhanced level 3 and 4 credits" did not begin to run until May 11, 2011, when he learned of his ineligibility to earn those credits.

Even if Petitioner is correct, his petition is, nonetheless, time barred. Applying Petitioner's argument, under § 2244(d)(1)(D), Petitioner's one-year period began to run on May 12, 2011, and he had one year, or until Monday, May 14, 2012, to file a timely petition. Prior to that deadline, Petitioner sought judicial review of his judgment and sentence. As discussed above, Petitioner may be entitled to tolling of the limitations period for twenty-five days while his motions were pending. Thus, if Petitioner is credited with the time his motions were pending, his deadline was extended twenty-five (25) days beyond May 14, 2012, or to June 8, 2012.

On June 8, 2012, the last day of his one-year period if calculated under § 2244(d)(1)(D), Petitioner filed his application for post-conviction relief, thereby stopping the running of the limitations clock. Once the OCCA affirmed the denial of post-conviction relief on March 13, 2013, Petitioner had to file his federal habeas petition the next day, March 14, 2013, to be timely. Petitioner did not place his petition in his facility's mail system until April 16, 2013, or more than one month out of time.

**C.      Petitioner is not entitled to equitable tolling**

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998); *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir.2008)

(quoting *Lawrence v. Florida*, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" *Id.* (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)).

In response to the motion to dismiss, Petitioner argues that he is entitled to equitable tolling because he pursued his claims diligently and his attorney's conduct rises to the level of "bad faith, dishonesty, and divided loyalty." *See* Doc. 13.  The Court disagrees with Petitioner's assessment of his diligence.  He waited more than one year after sentencing to bring any of his claims challenging the validity of his conviction and sentence to the attention of the state courts.  Further, even after he found out on May 11, 2011, that he was not entitled to receive enhanced level 3 and 4 credits, he waited until he filed his petition in error at the OCCA on August 29, 2012, to raise the claim for the first time.[8]  *See* Doc. 10-11.  That record does not reflect diligence.

In addition, Petitioner's allegations concerning his attorney's conduct do not entitle him to equitable tolling.  Petitioner makes the unsupported statement that his attorney "promised to represent Petitioner Mr. Taber even while he was incarcerated." *See* Doc. 13 at 3.  He further states that his attorney "has made no effort to assist or even contact petitioner."  *See* Doc. 14 at 1.  However, a petitioner "must be diligent in filing his own claims." *See Stanley v. McKune*, 133 F. App'x 479, 480 (10th Cir. May 23, 2005) (unpublished).[9]  Petitioner's misplaced reliance on his

---

[8]Petitioner did not raise a claim regarding his ineligibility for enhanced level 3 and 4 credits in his application for post-conviction relief filed at the state district court. *See* Doc. 10-9.

[9]This unpublished opinion is cited for persuasive value. *See* 10th Cir. R. 32.1(A).

10

attorney for assisting with challenges to his conviction and sentence does not explain why he waited more than a year after sentencing to bring any of his claims before the state courts. *Holland v. Florida*, 560 U.S. 631, 651-52 (2010) (reiterating that equitable tolling principles do not extend to attorney conduct that can be characterized as "garden variety" or "excusable neglect"). Nothing in the record suggests that Petitioner's attorney actively deceived him with regard to post-conviction representation. *See Fleming v. Evans*, 481 F.3d 1249, 1255-57 (10th Cir. 2007) (holding that petitioner was entitled to equitable tolling where former counsel actively deceived petitioner over several months into believing he was diligently pursuing petitioner's legal remedies when, in fact, he was not). Petitioner makes no argument and cites no evidence demonstrating that his delay was due to extraordinary circumstances beyond his control. Petitioner is not entitled to equitable tolling.

## *CONCLUSION*

Because Petitioner failed to file his petition for writ of habeas corpus within the one-year limitations period, Respondent's motion to dismiss shall be granted. The petition for writ of habeas corpus shall be dismissed with prejudice.

## Certificate of Appealability

Rule 11, *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack*

*v. McDaniel*, 529 U.S. 473 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, a petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on the statute of limitations is debatable or incorrect. The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Doc. 8) is **granted**.
2. The petition for writ of habeas corpus (Doc. 5) is **dismissed with prejudice**.
3. A certificate of appealability is **denied**.
4. A separate judgment shall be entered in this matter.

ORDERED THIS 6th day of February, 2014.

JOHN E. DOWDELL
UNITED STATES DISTRICT JUDGE